Dear Mr. Roberson:
Your request for an attorney general's opinion has been forwarded to me for research and reply. As Caddo Parish Registrar of Voters, the situation you ask about deals with an individual who was found Not Guilty by Reason of Insanity of a simple arson charge and was confined to a state forensic hospital. He was recently released from the facility and placed on supervised probation in accordance with La.C.Cr.P. Art. 657 et seq. Specifically, you ask the following:
 1) Does the term "commitment" also mean "interdiction" in this case?
 2) Since the individual is on supervised probation, can he be suspended from the voter rolls although he was not convicted of a felony?
With regard to the terms in your first question, "commitment" refers to police regulation that requires a person to be confined to a forensic facility as set out in La.C.Cr.P. Art. 654 which states:
 Art 654. Legal effect of acquittal on ground of insanity; commitment
 When a verdict of not guilty by reason of insanity is returned in a capital case, the court shall commit the defendant to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment.
 When a defendant is found not guilty by reason of insanity in any other felony case, the court shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof, to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself. If the court determines that the defendant cannot be released without danger to others or to himself, it shall order him committed to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment. If the court determines that the defendant can be discharged or released on probation without danger to others or to himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or an indeterminate period. The court shall assign written findings of fact and conclusions of law; however, the assignment of reasons shall not delay the implementation of judgment.
While you ask about a criminal matter, it should also be noted that La. R.S. 28:54, which is found in a group of statutes dealing with mental health, addresses commitments when a person is believed to be a danger to himself or others, but has not been a defendant in a criminal matter.
In contrast, La. Civ. Code Art. 389 et seq., deals with the "interdiction" of a person who is not able to care for his own person or administer his estate (business affairs). Procedures for having someone interdicted are found in these statutes.
As is apparent from these provisions, the terms are not synonymous and deal with different court proceedings.
Your second question asks if the individual in question can be suspended from the voter rolls. The Louisiana Constitution of 1974 addresses this question in Article 1, Section 10(A) which is as follows:
 § 10(A) Right to Vote.
 Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony.
(Emphasis added).
Also, in the Election Code at La. R.S. 18:102 persons ineligible to vote are listed:
 § 18:102 Ineligible persons
 No person shall be permitted to register or vote who is:
 (1) under an order of imprisonment, as defined in R.S. 18:2(2), for conviction of a felony; or
 (2) Interdicted after being judicially declared to be mentally incompetent.
After review of these provisions it appears that voting rights may be suspended while a person is interdicted and
judicially declared incompetent. The Constitution and the Election Code require that both interdiction and declaration of incompetency have occurred. In your case, the person has never been interdicted, although he may have been declared incompetent. For this reason, suspension of his voting rights would be improper.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI/FJP/sc